IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELE MEYER AS TRUSTEE OF THE LIQUIDATING TRUST FOR DBSI HIGHLANDS & SOUTHCREEK LEASECO LLC,<br><br>Plaintiff,<br><br>v.<br><br>YOUNG CONAWAY STARGATT & TAYLOR LLP, a Delaware Limited Liability Partnership; and FOLEY & LARDNER, LLP, a Wisconsin Limited Liability Partnership,<br><br>Defendants. | Case No. 1:CV 10-540-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendants' motion to dismiss or for change of venue, and plaintiff's motion to remand. The Court heard oral argument on February 10, 2011, and took the motions under advisement. For the reasons explained below, the Court will deny the plaintiff's motion and grant in part the defendants' motion, changing venue of this case to Delaware.

## FACTUAL BACKGROUND

This is a legal malpractice action against two law firms, alleging that they failed to reveal conflicts of interest in their representation of a debtor in bankruptcy before the

**Memorandum Decision & Order - 1**

Delaware Bankruptcy Court. The debtor, Highlands & Southcreek, was dissolved by the bankruptcy, and a Liquidating Trust was created to dispose of the estate's assets for the benefit of the main creditor, Normandin, a Delaware Limited Liability Company.

This action is brought by Michele Meyer, the trustee for the Liquidating Trust. Any recovery by the plaintiff will ultimately go to Normandin. The defendants are two law firms: Young Conaway Stargatt & Taylor, and Foley & Lardner, neither with offices in Idaho.

The two law firms represented Highlands & Southcreek in the Delaware bankruptcy. The Liquidating Trust alleges that both law firms committed malpractice in their representation during that bankruptcy. The complaint alleges that the law firms failed to reveal conflicts of interest and facilitated the allegedly improper transfer of some $700,000 to be used as their retainer. No part of the claim refers to any malpractice committed outside of the Delaware bankruptcy proceedings.

The Liquidating Trust originally filed this action in Idaho state court. The action was removed by defendants, and they filed a motion to dismiss or to change venue. The defendants allege that this Court lacks personal jurisdiction over them, and that proper venue lies in Delaware. The Liquidating Trust responded by filing a motion to remand to state court, alleging that this Court lacks subject matter jurisdiction. The Court will begin by reviewing the subject matter jurisdiction issue.

## Subject Matter Jurisdiction

A claim may be removed to a federal district court that has jurisdiction over the

**Memorandum Decision & Order - 2**

claim under 28 U.S.C. § 1334. *See* 28 U.S.C. § 1452(a). Original and exclusive jurisdiction under 28 U.S.C. § 1334 is conferred to district courts, and derivatively bankruptcy courts, for "all cases under title 11," and original but not exclusive jurisdiction is conferred to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See* 28 U.S.C. § 1334(a)-(b).

Proceedings "arising in" bankruptcy cases are generally referred to as "core" proceedings, and essentially are "proceedings that would not exist outside of bankruptcy, such as matters concerning the administration of the estate, orders to turn over property of the estate, and proceedings to determine, avoid, or recover preferences." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005). A non-exhaustive list of "core" proceedings is found in 28 U.S.C. § 157(b)(2)(A), and includes "matters concerning the administration of the estate."

The issue here is whether a legal malpractice claim based on counsels' conduct representing debtors in bankruptcy "arises in" the bankruptcy. While the Ninth Circuit has not decided this precise issue, it has found "arising in" jurisdiction over a claim against a bankruptcy trustee for embezzlement, holding that "[n]othing could be more important to the handling of a bankruptcy estate than the fidelity of those who are entrusted with its assets." *In re Ferrante*, 51 F.3d 1473, 1476 (9th Cir. 1995). The fidelity of bankruptcy counsel cannot be any less important, and other courts have so found. For example, the Fourth Circuit held that a debtor's claim that his attorney committed malpractice in representing him in his bankruptcy "arises in" bankruptcy

**Memorandum Decision & Order - 3**

because the claim "would have no practical existence but for the bankruptcy." *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003). The Second Circuit found *Grausz* persuasive, and held that a legal malpractice claim "implicates the integrity of the entire bankruptcy process." *Baker v. Simpson*, 613 F.3d 346, 351 (2nd Cir. 2010). Similarly, a malpractice claim against accountants representing debtors in bankruptcy was found to "arise in" bankruptcy because the claim "implicated the integrity of the entire bankruptcy process" and the "alleged malpractice was inseparable from the bankruptcy context." *In re Seven Fields Dev. Corp.*, 505 F.3d 237, 260-61 (3rd Cir. 2007).

Meyer cites in opposition the case of *In re Resorts Int'l*, 372 F.3d 154 (3rd Cir. 2004). But that case involved a malpractice action against an accounting firm for conduct occurring *after* the bankruptcy. In a later decision, the Third Circuit noted this distinguishing fact, and held that a claim for legal malpractice occurring *during* the bankruptcy did "arise in" bankruptcy. *In re Seven Fields*, 505 F.3d at 260-61.

Meyer argues that the cases cited above all involve professionals who are appointed by the bankruptcy court, while the malpractice claim at issue here only involves attorneys approved by the court. This distinction is without substance, however. The sweeping statement in *Ferrante* – about the indispensable need for professional fidelity in bankruptcy – does not turn on the hair-splitting distinction of whether that professional is appointed or approved by the bankruptcy court. Either way, the fidelity of these professionals is critical to the administration of the bankruptcy, and hence this malpractice action "arises in" bankruptcy and is a core proceeding under 28 U.S.C.

**Memorandum Decision & Order - 4**

§ 157(b)(2)(A). Accordingly, the Court finds that it has subject matter jurisdiction over the complaint in this matter. Moreover, the Court rejects Meyer's request that the Court abstain from taking jurisdiction over this case. The Court has considered the factors to be considered and decided that abstention is not appropriate. *See In re Tuscon Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990); 28 U.S.C. § 1334(c).

**Personal Jurisdiction and Venue**

The question of personal jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, which is primarily a matter of choosing a convenient forum. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). On the other hand, "neither personal jurisdiction nor venue is fundamentally preliminary in the sense that subject-matter jurisdiction is, for both are personal privileges of the defendant, rather than absolute strictures on the court . . . ." *Id.* at 180. Accordingly, when there is a "sound prudential justification for doing so," a court "may reverse the normal order of considering personal jurisdiction and venue." *Id*.

That is the case here, due to the unique circumstances of this case. While the debtor Highlands & Southcreek once had its headquarters in Idaho, that ephemeral connection was dissolved along with Highlands & Southcreek by the bankruptcy plan. Not one of the parties has any connection to Idaho. The plaintiff – the Liquidating Trust – was formed under, and governed by, the laws of Kansas. The Trust Beneficiary, Normandin, is a Delaware Limited Liability Company. The defendants are a Delaware lawfirm – Young Conaway – and a law firm admitted pro hac vice in Delaware – Foley &

Memorandum Decision & Order - 5

Lardner.  The malpractice claim involves conduct in a Delaware bankruptcy.  The retention agreement signed by Young Conaway states that Delaware courts "shall have exclusive jurisdiction of all matters relating, in any way, to any disputes arising from this agreement."  The confirmed plan provides that the Delaware bankruptcy court shall have exclusive jurisdiction over all disputes arising in connection with the Highlands & Southcreek bankruptcy case.  In rejecting objections to Young Conaway's fee application, the Delaware Bankruptcy Court ruled that there was no actual or potential conflict, or appearance of one, between DBSI and Highlands and Southcreek, the alleged conflict that has been raised in the malpractice claim in this case.  *See Transcript (Dkt. 15-8).*[1]

All parties agree that venue is proper in Delaware.  The circumstances listed above all establish that venue is proper in Delaware.  *See* 28 U.S.C. §§ 1404(a), 1412.

The question arises as to whether the transfer should be to the bankruptcy court directly or to the district court.  The plaintiff in this case has made a demand for jury trial, and there is some question about the authority of the bankruptcy court to hold a jury trial if the defendants do not consent.  *See* 28 U.S.C. § 157(e) (authorizing bankruptcy court to conduct jury trial only if "specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties").  Accordingly, the Court will transfer the case to the district court and allow the parties to sort the issue out there.

---

[1] The bankruptcy judge specifically noted that he was not resolving the malpractice claim but only an objection to fees: "I'm not ruling on the merits of any malpractice action to the extent that this has collateral effect." *Transcript (Dkt. 15-8)* at p. 52.

**Memorandum Decision & Order - 6**

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to remand (docket no. 9) is DENIED.

IT IS FURTHER ORDERED, that the motion to dismiss or for change of venue (docket no. 6) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks a change of venue to the United States District Court for the District of Delaware. It is denied in all other respects.

IT IS FURTHER ORDERED, that the Clerk of the Court shall take the necessary steps to transfer this case to the United States District Court for the District of Delaware.

DATED: **March 31, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge